IN THE CIRCUIT COURT FOR DAVIDSON COUNTY TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ANGELA LAYTON, | ) |
| Plaintiff, | ) |
| | ) Docket No. 12C2008 |
| v. | ) JURY DEMAND |
| | ) |
| COOPER COMMUNITIES, INC. | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, Angela Layton, by and through counsel, and for her cause of action against the Defendant Cooper Communities, Inc., states as follows:

### I. PARTIES

1. Plaintiff is a citizen and resident of Cheatham County, Tennessee.

2. Defendant is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located at 903 N 47th Street, Rogers, Arkansas. Defendant's registered agent for service of process in Tennessee is C.T. Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

### II. JURISDICITION AND VENUE

3. The Plaintiff's cause of action arises in tort under and by virtue of the laws of the state of Tennessee for the damages she sustained as a result of a fall which occurred on or about May 26, 2011, in Davidson County, Tennessee.

EXHIBIT A

4. Subject matter jurisdiction herein is proper pursuant to T. C.A. § 16-10-101.

5. Venue in Davidson County, Tennessee is proper by virtue of T.C.A. § 20-4-101.

### III. FACTUAL ALLEGATIONS

6. On or about May 26, 2011, Plaintiff walked into the building located at 3102 West End Avenue, Nashville, Tennessee 37203, specifically on the 2nd floor plaza entrance.

7. Plaintiff fell after encountering an unattended spill or leak of a large amount of what is believed to have been water on the floor that the Defendant maintains and manages. No barriers, signs, or other warning devices were placed in the area of the spill.

8. The fall caused serious injury to the Plaintiff.

9. The Defendant had a duty of care in all circumstances.

10. Defendant has a duty to maintain its premises in a safe condition.

11. Defendant was negligent in failing to maintain the area of its premises, which failure caused the Plaintiff to be injured by the unsafe and dangerous condition of the premises.

12. Defendant was negligent in not cleaning up the spilled or leaked fluid.

13. Defendant was negligent in failing to warn Plaintiff of the extent of the spilled fluid.

14. Defendant knew or should have known of the existence of the dangerous condition on the floor.

15. Defendant was negligent in not properly training its employees or agents.

16. Defendant was negligent in not properly supervising its employees or agents.

17. Defendant was negligent in creating the dangerous condition.

18. Plaintiff was not negligent in contributing to this fall.

## IV. INJURIES AND DAMAGES

19. As a direct and proximate result of Defendant's negligence, Plaintiff alleges she is entitled to damages, including but not limited to the following specific items of damages:

(a) Physical pain, both past and future;

(b) Emotional suffering and grief, both past and future;

(c) Health care expenses, both past and future;

(d) Loss of enjoyment of life;

(e) Permanent impairment and partial disability;

(f) Lost wages;

(g) Costs of this cause; and

(h) All other general relief allowed under the laws of the State of Tennessee to which she may be entitled.

## V. RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays for the following:

20. For judgment against the Defendant for compensatory damages in an amount to be determined by a reasonable jury;

21. The cost of this matter to be taxed to the Defendant;

22. For such other and general relief to which she may be entitled under the law.

Respectfully submitted,

*Delain L. Deatherage*

Delain L. Deatherage, #022473
DLAW
414 Union Street, Ste. 905
Nashville, Tennessee 37212
(615) 255-3529
(615) 620-6438 (facsimile)

I hereby certify that this is a true copy of original instrument filed in my office this 17 day of May 2012
RICHARD R. ROOKER Clerk
By _____
Deputy Clerk

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

[x] First
[ ] Alias
[ ] Pluries

Angela Layton

CIVIL ACTION DOCKET NO. __12C2008__

Plaintiff

**Method of Service:**
[ ] Davidson County Sheriff
[x] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[ ] Commissioner of Insurance

Vs.

Cooper Communities, Inc.

C.T. Corporation System
800 S. Gay Street, Suite 2021
Knoxville, TN 37929-9710

Defendant

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: __5-17-12__

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Delain L. Deatherage, Esq. |
|---|---|
| | 414 Union Street, Ste. 905 |
| | Address |
| | Nashville, Tennessee 37219 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this ___21___ day of ___May___, 20__12__

JC Bryant #B1864
SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of __MAY 3 1 2012__, 20____, I:

[✓] served this summons and Assistant Secretary Service of Process to C.T. Corpora System the Registered Agent for

Ericka Fry

Cooper Computers Inc.
_____ in the following manner:

[ ] failed to serve this summons within 90 days after its issuance because _____

W C Bryant #131864
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _____ DAY OF _____, 20____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH RETURN RECEIPT HERE (IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.