IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANGELA LAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:12-cv-00630 |
| v. | ) | JURY DEMAND |
| | ) | |
| COOPER REALTY | ) | |
| INVESTMENTS, INC., | ) | JUDGE NIXON |
| | ) | MAGISTRATE JUDGE KNOWLES |
| Defendant. | ) | |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d), counsel for the parties have conferred to discuss the matters enumerated in Local Rule 16.01(d)(1)(c) and (d)(2), and submit this proposed initial case management plan and order prior to the case management conference scheduled for September 27, 2012 at 11:00 a.m.

A.     **Jurisdiction**.  Pursuant to 28 U.S.C. §§ 1441 and 1446, on June 20, 2012, this action was removed from the Circuit Court for Davidson County, Tennessee to this Court.[1]  Removal was appropriate because Plaintiff could have filed this action originally

---

[1] Plaintiff originally filed her Complaint solely against Cooper Communities, Inc. ("Cooper Communities") in the Circuit Court for Davidson County, Tennessee. [Doc. 1-1]  Cooper Communities removed the action to this Court and filed an answer to Plaintiff's Complaint. [Docs. 1, 4]  In its answer, Cooper Communities averred that it did not owe a duty of care to Plaintiff because, at the time of the alleged incident, it did not own, operate, or manage the subject property. [Doc. 4]  Thereafter, Cooper Communities filed a motion for summary judgment, asserting that it did now owe a duty of care to Plaintiff and, therefore, Plaintiff's Complaint should be dismissed. [Doc. 5]  In response, Plaintiff filed a motion for leave to amend, seeking to amend her Complaint to add Cooper Realty as an additional defendant. [Doc. 8]  On August 23, 2012, the parties submitted an agreed order to the Court, via joint motion, in which the parties agreed to grant Plaintiff's motion for leave to amend and deny Cooper Communities' motion for summary judgment as moot, on the condition that Plaintiff voluntarily dismiss her claims against Cooper Communities. [Docs. 13, 13-1]  The Court entered the parties' agreed order on August 24, 2012. [Doc. 14]  Plaintiff's Amended Complaint was entered on August 24, 2012. [Doc. 15]  On September 11, 2012, Plaintiff, Cooper Communities, and Cooper Realty filed a "Stipulation of Dismissal," in which the parties stipulated that all of Plaintiff's claims against Cooper Communities are dismissed without prejudice. [Doc. 18]  The Court entered the parties' stipulation of dismissal on the same day. [Doc. 19]  Thus, the only remaining defendant in this action is Cooper Realty.

1

in this Court as a diversity action under 28 U.S.C. § 1332(a).  Specifically, this is a civil action between parties whose citizenship is completely diverse, and the amount in controversy exceeds $75,000.  Plaintiff is a citizen and resident of Tennessee.  Defendant, Cooper Realty Investments, Inc. ("Cooper Realty"), is an Arkansas corporation with its principal place of business in Arkansas and, thus, Cooper Realty is not a citizen of Tennessee for purposes of 28 U.S.C. § 1332(c)(1).  Finally, based on the averments set forth in Plaintiff's Complaint, the amount in controversy appears to exceed $75,000.

**B.    Brief Theories of the Parties.**

*Plaintiff's Theory of the Case*.  Plaintiff alleges in her Amended Complaint that she slipped and fell on "an unattended spill or leak" in a building located at 3102 West End Avenue in Nashville, Tennessee 37203 ("3102 West End").  Plaintiff alleges that her fall was the result of Cooper Realty's negligence.  Plaintiff alleges that she suffered "serious injury" as a result of her fall, including the following items of damages:  (a) physical pain, both past and future; (b) emotional suffering and grief, both past and future; (c) health care expenses, both past and future; (d) lost of enjoyment of life; (e) permanent impairment and partial disability; (f) lost wages; (g) costs of this action; and (h) all other general relief allowed under Tennessee law.  In her prayer for relief, Plaintiff does not make a specific monetary demand, but instead requests a judgment against Cooper Realty "for compensatory damages in an amount to be determined by a reasonable jury."

*Defendant's Theory of the Case*.  Cooper Realty is the property manager for 3102 West End and was the property manager at the time of the alleged incident.  Cooper Realty denies any liability for Plaintiff's alleged injuries and damages.  Cooper Realty

did not owe a duty of care to Plaintiff at the time of the alleged incident—more specifically, Plaintiff's alleged slip and fall was not foreseeable and/or that there was no unsafe, dangerous, or defective condition. Plaintiff's claims are also barred under the doctrine of comparative negligence because Plaintiff was fifty percent (50%) or more at fault.

C. **Identification of Issues.** None of the material issues in this lawsuit have been resolved by agreement of the parties, nor have any of the material issues been presented to the Court on motion for resolution. On September 20, 2012, Cooper Realty filed its answer to Plaintiff's Amended Complaint, in which Cooper Realty denied any liability for Plaintiff's alleged injuries and damages and asserted several affirmative defenses. [Doc. 20] The primary issues raised by Plaintiff's Amended Complaint and Cooper Realty's Answer include, but are not limited to, the following:

1. Whether Cooper Realty owed a duty of care to Plaintiff?

2. Whether Cooper Realty breached a duty of care to Plaintiff?

3. Whether Plaintiff's alleged fall and injuries were actually caused and/or proximately caused by Cooper Realty's alleged negligence?

4. Whether Plaintiff's claims are barred under the doctrine of comparative negligence because Plaintiff was fifty percent (50%) or more at fault for her alleged injuries and damages?

D. **Need for Other Claims or Special Issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.**

1. Plaintiff.

At the present time, Plaintiff does not plan to file any third-party claims or seek joinder of any additional parties.

3

2. <u>Cooper Realty</u>.

At the present time, Cooper Realty does not plan to file any counterclaims or third-party claims or seek joinder of any additional parties.

3. <u>Amendments to Pleadings</u>.

The deadline for filing Motions to Amend the Pleadings is January 28, 2013.

.

.

.

.

**E.** **<u>Initial Disclosures and Staging and Timing of Discovery</u>.**

1. <u>Initial Disclosures</u>.

In accordance with Fed. R. Civ. P. 26(a)(1)(C), the parties will make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within fourteen (14) days after the initial case management conference.

2. <u>Discovery Deadline</u>.

All discovery, including written discovery and depositions of fact witnesses, shall be completed by May 31, 2013. By "completed," the parties mean that all written discovery responses shall be served and all depositions of fact witnesses shall be taken by May 31, 2013.

3. <u>Protective Order</u>.

The parties agree that to the extent they seek production of confidential information from other parties, they will negotiate a mutually acceptable agreed protective order for the Court's approval and entry.

4

4. <u>Stay of Discovery</u>.

There shall be no stay of discovery pending disposition of any motions.

5. <u>Experts</u>.

Plaintiff shall file and serve her designation of any expert witness(es) to testify on her behalf and provide the information required under Fed. R. Civ. P. 26(a)(2) no later than June 30, 2013. Cooper Realty shall file and serve its designation of any expert witness(es) to testify on its behalf and provide the information required under Fed. R. Civ. P. 26(a)(2) no later than July 31, 2013. The parties shall complete all expert witness depositions by August 23, 2013.

6. <u>Discovery-Related Motions</u>.

Discovery-related motions regarding fact discovery are due on or before June 10, 2013.

.

**F.** **<u>Dispositive Motions</u>.**

1. <u>Cooper Realty</u>.

Cooper Realty plans to file a motion for summary judgment.

2. <u>Dispositive Motion Deadline</u>.

Any dispositive motions shall be filed by September 20, 2013. In accordance with Local Rule 56.01, responses shall be filed within twenty-one (21) days after the date the dispositive motion is filed and any reply shall be filed within fourteen (14) days after the response is filed.

**G.** **<u>Other Deadlines</u>.**

Not applicable at this time.

5

**H.** _____

.

.

.

**I.**     **Alternative Dispute Resolution.**

The prospects of settlement are uncertain at this time. The parties will notify the Court if they believe that the Court's involvement in a form of alternative dispute resolution may be helpful.

**J.**     **Jury Trial Date.**

This case is set for jury trial on February 11, 2014, at 9:00 a.m., to last two (2) to three (3) days. The pretrial conference is set for January 31, 2014, at 10:00 a.m. before Judge Nixon.

IT IS SO ORDERED.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge