IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGELA LAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:12-cv-00630 |
| v. | ) |
| | ) JURY DEMAND |
| COOPER REALTY | ) |
| INVESTMENTS, INC., | ) JUDGE NIXON |
| | ) MAGISTRATE JUDGE KNOWLES |
| Defendant. | ) |

## AGREED FINAL ORDER OF COMPROMISE AND DISMISSAL WITH PREJUDICE

It appears to the satisfaction of the Court, as evidenced by the signatures of counsel below, that the Plaintiff, Angela Layton, and the Defendant, Cooper Realty Investments, Inc., have reached a compromise and settlement of Plaintiff's claims against Defendant in the above-entitled action, and that Defendant has agreed to pay and Plaintiff has agreed to accept a sum sufficient to constitute a full accord and satisfaction of any and all claims and causes of action that were pled or could have been pled by Plaintiff against Defendant in this action, and that Plaintiff hereby acknowledges receipt of said sum from Defendant by virtue of her attorney's signing of this Order below.

The Court further finds that Plaintiff, by and through her attorney, hereby agrees and declares that, as part of this compromise and settlement, Plaintiff shall be responsible for payment of any and all bills, invoices, charges, costs, expenses, liens, debts, subrogation, conditional payments, reimbursements, and fees for any and all medical services and/or treatment and/or prescription drug items associated with any injuries, damages, harm, or illnesses

1

allegedly incurred or suffered by Plaintiff arising from or related to the alleged slip and fall incident that gave rise to this action or that otherwise form the basis of Plaintiff's claims in this action, and that Plaintiff shall satisfy the same out of the proceeds of this settlement.

The Court further finds that Plaintiff, by and through her attorney, hereby represents and warrants that she has complied with all of the terms and conditions of Tenn. Code Ann. §§ 71-5-117 *et seq.*, and that any lien, subrogation, conditional payment, assignment, charge, debt, claim, or reimbursement, required to be paid by applicable state or federal law, related to any medical services or treatment or prescription drug items associated with any injuries, damages, harm, or illnesses allegedly incurred or suffered by Plaintiff arising from or related to the alleged slip and fall incident that gave rise to this action or that otherwise form the basis of Plaintiff's claims in this action, shall be satisfied from the proceeds of this settlement.

Accordingly, the Court hereby ORDERS that:

A. Any and all claims, losses, damages, actions, and causes of action, of every nature, character, and description, without limitation in law, equity, or otherwise, that were pled or could have been pled by Plaintiff against Defendant, including Defendant's past, present, and future agents, representatives, employees, attorneys, parent companies, holding companies, subsidiaries, partners, officers, and directors, in the above-entitled action, are hereby DISMISSED WITH PREJUDICE and on the merits, and it is understood between the parties that this Order constitutes a complete, final, and binding release of Cooper Realty from all such claims, losses, damages, actions, and causes of action;

B. Plaintiff shall be responsible for payment of any and all bills, invoices, charges, costs, expenses, liens, debts, subrogation, conditional payments, reimbursements, and fees for any and all medical services and/or treatment and/or prescription drug items associated with any

2

injuries, damages, harm, or illnesses allegedly incurred or suffered by Plaintiff arising from or related to the alleged slip and fall incident that gave rise to this action or that otherwise form the basis of Plaintiff's claims in this action, and Plaintiff shall satisfy the same out of the proceeds of this settlement;

  C. Plaintiff shall not be entitled to and shall not recover from Defendant any discretionary costs under the Federal Rules of Civil Procedure; and

  D. Costs in this matter are taxed to Defendant.

IT IS SO ORDERED, on this the 6th day of January, 2014.

_____
John T. Nixon
Senior District Judge
Middle District of Tennessee